# United States District Court
## Eastern District of Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>DIANE SHANDS ROBBINS | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:   3:05-CR-32-03<br><br>Jeffrey Z. Daniels<br>Defendant's Attorney |

**THE DEFENDANT:**

[✓]   pleaded guilty to count(s): one (1) of the Indictment
[ ]   pleaded nolo contendere to count(s) __ which was accepted by the court.
[ ]   was found guilty on count(s) __ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846, 841(a)(1), 841(b)(1)(A) | Conspiracy to Manufacture, Distribute & Possess w/Intent to Distribute in Excess of 1,000 kilograms of Marijuana, and Possession w/Intent to Distribute Hydrocodone | March 30, 2005 | 1 |

   The defendant is sentenced as provided in pages 2 through 8 of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. §3553.

[ ]   The defendant has been found not guilty on count(s) __.

[✓]   Count(s) 2, 3, 4 and 5 of the Indictment   [ ] is  [✓] are  dismissed on the motion of the United States.

   IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

November 14, 2007
Date of Imposition of Judgment

s/ Thomas W. Phillips
Signature of Judicial Officer

THOMAS W. PHILLIPS, United States District Judge
Name & Title of Judicial Officer

November 14, 2007
Date

DEFENDANT:         DIANE SHANDS ROBBINS
CASE NUMBER:    3:05-CR-32-03

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   120 months  .

[✓]    The court makes the following recommendations to the Bureau of Prisons:

That the defendant receive 500 hours of substance abuse treatment from the BOP Institution Residential Drug Abuse Treatment Program. That the defendant be considered for placement in the BOP facility located in Alderson, West Virginia. That the defendant receive credit for all time spent in custody pending sentencing.

[✓]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district:
    [ ] at ___ [] a.m. [] p.m. on ___.
    [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before 2 p.m. on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DIANE SHANDS ROBBINS
CASE NUMBER: 3:05-CR-32-03

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of     five (5) years     .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:     DIANE SHANDS ROBBINS
CASE NUMBER:   3:05-CR-32-03

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

DEFENDANT:        DIANE SHANDS ROBBINS
CASE NUMBER:   3:05-CR-32-03

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[ ]   The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. §3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| TOTALS: | $_ | $_ | |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement $ _

The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  [ ]  The interest requirement is waived for the   [ ] fine and/or   [ ] restitution.

  [ ]  The interest requirement for the   [ ] fine and/or   [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:         DIANE SHANDS ROBBINS
CASE NUMBER:    3:05-CR-32-03

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [✓]  Lump sum payment of $ 100.00*  due immediately, balance due
        *The defendant paid the special assessment on the day of the plea.

        [ ] not later than _, or
        [ ] in accordance with [ ] C, [ ] D, or [ ] E or [ ] F below; or

B  [ ]  Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C  [ ]  Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within 1_ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to **U.S. District Court, 800 Market St., Suite 130, Knoxville, TN 37902**  . Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


[ ]  Joint and Several

     Defendant Name, Case Number, and Joint and Several Amount:


[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[✓]  The defendant shall forfeit the defendant's interest in the following property to the United States:

     **See attached listing**


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:        DIANE SHANDS ROBBINS
CASE NUMBER:   3:05-CR-32-03

# Forfeiture

The defendant shall forfeit to the United States the defendant's interest in the following property:

### Vehicles

a. Dune Buggy Go-Cart Model #495B-09, Frame Serial No. 1046237, Engine Serial No. 213696;
b. 1998 Dodge Van, VIN 1B4GP54LXWB628847;
c. 2002 Yamaha Motorcycle 225cc, VIN 9C6CG6043220008108;
d. 2004 Honda Motorcycle 70cc, VIN JH2DE02034K709815;
e. 2002 Honda Foreman 4-Wheeler TRX500F A2;
f. 1999 Ford Truck F-250, VIN 1FTNX21F9XEA74949;
g. 1971 Chevrolet Truck, VIN CE141S620762;
h. Z-4 Mini Sport Bike, Serial No. XYRPX0433010215, Model GS-31A; and
i. 2000 VW Passat, VIN WVWMA23B2YP159502;

### Currency

a. the interest that Diane Shands Robbins may have in the sum of $92,180 in United States currency, seized on or about March 4, 2005, from Steven Shipley's residence;

b. the sum of $58,021 in United States currency, seized on or about March 4, 2005, from Jeremy Robbins' residence;

### Real Properties

a. the property/residence located at 3490 Old Kentucky Road in Morristown, Tennessee, in the name of Jeremy Daniel Robbins by virtue of an unrecorded Warranty Deed dated August 18, 2004, from Sidney Douglas Adams and wife, Sheila M. Adams, being the same property conveyed to Sidney Douglas Adams and Sheila M. Adams by deed of Sidney Adams, dated August 18, 1995, of record in Warranty Deed Book W426, Page 530, in the Register's Office for Hamblen County, Tennessee;

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:       DIANE SHANDS ROBBINS
CASE NUMBER:     3:05-CR-32-03

### Electronic Equipment

a. Hewlett Packard Pavilion Computer, Model No. A475C, Tower, Serial No. MXK40817D6, HP Pavilion Monitor F1903, Keyboard, Printer, and Scanner;

b. AKAI big-screen TV, Serial No. 39ZT452753B, MOD No. PT5492;

c. Samsung Security System, consisting of three digital cameras and one Samsung Digital Dome Security camera bearing Serial No. SOD14C; one Samsung Security Monitor, Serial No. 35XWB03765E, and one Samsung 1280 Time Lapse VCR, Serial No. 61CWC05176V/SSC;

d. Yamaha Digital Home Theater System;

e. Emerson VHS/VCR, Serial No. 163-41130940;

f. Sony Digital Audio/Video Receiver, Serial No. 8874146;

g. Sony DVD Player, Serial No. 2158764;

h. Phillips VHS/VCR, Serial No. 18580465; and

i. Sony Home Theater System with Cables and Six Speakers, Serial No. 9007335;

### Firearms

a. Spa Luigi Franch-Brescia 20-Gauge Shotgun, Serial No. L00230;

b. Winchester Ranger 30/30 Rifle, Serial No. 6122500; and

c. Derringer .22-Caliber Revolver, Serial No. V76484;

### Miscellaneous Property

a. Oxbow Safe, Serial No. 5213015.

---

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.